**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-1753**

_____

STEPHEN E. BILENKY, Administrator of the Estate of Frank S. Wright, deceased,

    Plaintiff – Appellee,

  v.

RYOBI TECHNOLOGIES, INCORPORATED,

    Defendant – Appellant,

  and

HOME DEPOT USA, INCORPORATED; ONE WORLD TECHNOLOGIES, INCORPORATED; TECHTRONIC INDUSTRIES NORTH AMERICA, INCORPORATED; TECHTRONIC INDUSTRIES COMPANY, LIMITED; RYOBI NORTH AMERICA, INCORPORATED; RYOBI LTD.; THE HOME DEPOT, INCORPORATED,

    Defendants.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Raymond A. Jackson, District Judge. (2:13-cv-00345-RAJ-DEM)

_____

Argued: October 25, 2016    Decided: November 23, 2016

_____

Before WILKINSON, KING, and HARRIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ARGUED:** Robert Latane Wise, BOWMAN AND BROOKE LLP, Richmond, Virginia, for Appellant. Lawrence Steven Emmert, SYKES, BOURDON, AHERN & LEVY, P.C., Virginia Beach, Virginia, for Appellee. **ON BRIEF:** Davin M. Rosborough, BOWMAN AND BROOKE LLP, Richmond, Virginia, for Appellant. Richard N. Shapiro, SHAPIRO, APPLETON & DUFFAN, PC, Virginia Beach, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Frank S. Wright died after the Ryobi-branded lawn tractor he was riding caught fire. The administrator of Mr. Wright's estate, Stephen E. Bilenky, brought a products liability lawsuit against several defendants, including Ryobi Technologies, Incorporated ("Ryobi"). After a four-day trial in the Eastern District of Virginia, the jury found Ryobi liable for negligence and awarded $2,500,000 in damages. Ryobi has appealed from the district court's judgment, and as explained below, we affirm.

I.

A.

On September 15, 2005, Mr. Wright and his wife Audrey travelled to a Home Depot store in Norfolk, Virginia, to purchase a new lawn tractor.[1] The Wrights paid $1,058 for a Ryobi lawn tractor, Model HDK19H42 (the "Ryobi tractor"). The next day, Home Depot delivered the Ryobi tractor to the Wrights' home in Chesapeake, Virginia. Although the Ryobi tractor, the accompanying operator's manual, and the Home Depot receipt

---

[1] Because we are assessing a denial of Ryobi's motion for judgment as a matter of law, we recount the facts in the light most favorable to Bilenky. See Adkins v. Crown Auto, Inc., 488 F.3d 225, 231 (4th Cir. 2007).

3

prominently displayed the trade name Ryobi®, it was actually Husqvarna that manufactured the Ryobi tractor.

In the years preceding his death, Mr. Wright's health began to decline. Mr. Wright had survived a few heart attacks, and he suffered from diabetes, coronary disease, and peripheral neuropathy. Mr. Wright often used a wheelchair and was unable to walk for a period of time. He also suffered from dementia, although his condition had improved as of October 2010 due to a medication change.

On December 23, 2010, Mr. Wright decided to use the Ryobi tractor to either cut grass or bag leaves. Approximately one hour after Mr. Wright went outside, Mrs. Wright heard a loud noise. She saw the Ryobi tractor — with her husband still in the operator's seat — engulfed in smoke and fire. Mr. Wright then dismounted the Ryobi tractor and attempted to flee the intensifying flames. While Mrs. Wright fumbled with the garden hose and called 911, Mr. Wright burned to death in his backyard. He was eighty-eight years old.

B.

Bilenky, the Wrights' son-in-law, was appointed administrator of Mr. Wright's estate on December 18, 2012. Two days later, on December 20, Bilenky filed this action in the Circuit Court for the City of Norfolk. Among the defendants

4

were Ryobi and Home Depot USA, Incorporated ("Home Depot").[2] Bilenky's claims included negligence, gross negligence, breach of express warranty, and breach of implied warranty. Home Depot removed the matter to the Eastern District of Virginia on June 19, 2013, invoking the district court's diversity jurisdiction. See 28 U.S.C. § 1332.

On August 27, 2014, Home Depot and Ryobi filed motions for summary judgment. In support of its motion, Ryobi contended that it could not be held liable on any of Bilenky's claims because it had no involvement in the design, manufacture, or distribution of the Ryobi tractor (the "nonliability theory"). The district court declined to rule on the summary judgment motions before trial.

The trial began on January 14, 2015. Bilenky's theory was that the Ryobi tractor's fuel hose detached from the fuel tank, causing gasoline to stream out of the fuel hose and ignite. Bilenky presented models of the fuel tank, photographs, and the Ryobi tractor operator's manual, as well as the testimony of a fire investigation and origin expert, a design engineering

---

[2] The other defendants were Ryobi Limited; Ryobi North America, Incorporated; Techtronic Industries Company, Limited; Techtronic Industries North America, Incorporated; Ryobi Technologies, Incorporated; One World Technologies, Incorporated; and Home Depot, Incorporated. Those defendants were dismissed prior to the trial.

5

expert, Mrs. Wright, two paramedics, a deputy fire marshal, a Home Depot corporate representative, one of the Wrights' neighbors, the Wrights' two daughters, and Bilenky.

On January 15, at the conclusion of Bilenky's case-in-chief, Home Depot and Ryobi jointly moved for judgment as a matter of law pursuant to Rule 50(a) of the Federal Rules of Civil Procedure. They argued, in pertinent part, that Bilenky had failed to establish either design defect or causation. Notably, however, the motion did not mention Ryobi's nonliability theory. For other reasons, the district court granted the motion as to Bilenky's gross negligence claim only.

When the trial resumed on January 20, the district court granted Home Depot and Ryobi's joint motion for a directed verdict as to Bilenky's express warranty claim, leaving his negligence and implied warranty claims. On January 21, the defense rested, a charge conference was conducted, and the case was submitted to the jury. Ryobi did not request a jury instruction pertinent to its nonliability theory. Furthermore, Ryobi explicitly stated that it had no objection to the district court's jury charge, which did not include such an instruction. The next day, January 22, the jury found in favor of Bilenky on the negligence claim against Ryobi — but not Home Depot — and against Bilenky on the implied warranty claim. The jury awarded $2,500,000 in damages.

6

On February 19, 2015, Ryobi filed a renewed motion for judgment as a matter of law pursuant to Rule 50(b). For the first time since its pretrial summary judgment motion, Ryobi raised its nonliability theory. Ryobi also reiterated its contention, made at trial, that the evidence of defect and causation was insufficient to support Bilenky's negligence claim.

By its Memorandum Opinion and Order of June 26, 2015, the district court denied Ryobi's renewed motion. See Bilenky v. Ryobi Techs., Inc., No. 2:13-cv-00345 (E.D. Va. June 26, 2015), ECF No. 206 (the "Opinion"). In rejecting the nonliability theory, the Opinion concluded that Ryobi was a proper defendant pursuant to the apparent manufacturer doctrine, under which an entity "subjects itself to the same liability as a manufacturer" by "put[ting] out a product as its own." See Opinion 15. According to the court, there was "sufficient evidence in the record to support the jury's finding that Ryobi Technologies, Inc., put the Ryobi tractor out as its own," in that the "jury was presented with evidence that Mr. Wright purchased a tractor with the word 'Ryobi' printed on its side, that he possessed an owner's manual with the name 'Ryobi' printed on the top, and that his receipt was indeed for a Ryobi lawn tractor." Id. at 16. The Opinion also concluded that Bilenky had presented sufficient evidence of defect and causation to support the

7

negligence finding against Ryobi.  Id. at 16-20.  Ryobi timely noted this appeal, and we possess jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

We review de novo a district court's denial of a motion for judgment as a matter of law.  See Adkins v. Crown Auto, Inc., 488 F.3d 225, 231 (4th Cir. 2007).  We assess whether a reasonable jury, viewing the evidence in the light most favorable to the prevailing party, had a sufficient evidentiary basis to find in favor of that party.  Id.

## III.

On appeal, Ryobi first contends that it is entitled to judgment as a matter of law because it cannot be held liable as the apparent manufacturer of the Ryobi tractor.  Then, Ryobi asserts that it deserves judgment as a matter of law premised on insufficient trial evidence of both defect and causation.[3]

---

[3] Ryobi also contends that it is entitled to a new trial because the district court improperly struck two of Ryobi's contributory negligence defenses, applied an incorrect standard for discovery sanctions, and wrongly allowed Bilenky to introduce prejudicial evidence.  We discern no reversible error, however, with respect to those matters.

8

A.

We first address Ryobi's contention that it cannot be held liable as the apparent manufacturer of the Ryobi tractor. In Virginia, a plaintiff can impose liability on a manufacturer or seller of a defective product if the product is unreasonably dangerous for its ordinary or reasonably foreseeable use and the unreasonably dangerous condition existed when the product "left the defendant's hands." See Austin v. Clark Equip. Co., 48 F.3d 833, 836 (4th Cir. 1995) (quoting Logan v. Montgomery Ward & Co., Inc., 219 S.E.2d 685, 687 (Va. 1975)). Pursuant to the apparent manufacturer doctrine, an entity holding itself out as the manufacturer may be subject to the same liability as the actual manufacturer. See Swift & Co. v. Blackwell, 84 F.2d 130, 132 (4th Cir. 1936). In Swift, we explained the apparent manufacturer doctrine as follows:

> One who puts out as his own product chattels made by others is under a duty to exercise care, proportionate to the danger involved in the use of the chattels if improperly made, to secure the adoption of a proper formula or plan and the use of safe materials and to inspect the chattel when made. But he does not escape liability by so doing. By putting a chattel out as his own product, he causes it to be used in reliance upon his care in making it. Therefore, he is liable if, because of some negligence in its fabrication or through lack of proper inspection during the process of manufacture, the article is in a dangerous defective condition which the vendor could not discover after it was delivered to him.

*Id.* (quoting Restatement of Torts § 400). We later recognized that Virginia has adopted the rule enunciated in <u>Swift</u>. <u>See</u> <u>Carney v. Sears, Roebuck & Co.</u>, 309 F.2d 300, 304 (4th Cir. 1962) (citing <u>Highland Pharmacy v. White</u>, 131 S.E. 198, 200 (Va. 1926)).

Here, it is undisputed that Husqvarna manufactured and Home Depot sold the Ryobi tractor. Ryobi contends that Bilenky cannot use the apparent manufacturer doctrine to hold it liable because — unlike the entities deemed to be apparent manufacturers in <u>Swift</u>, <u>Carney</u>, and <u>Highland Pharmacy</u> — Ryobi was not involved in the distribution of the defective product. Bilenky counters that the prominent labeling of the Ryobi® trademark on the Ryobi tractor, operator's manual, and Home Depot receipt gave the jury sufficient evidence to impose liability on Ryobi.

As the parties agree, Virginia has not addressed whether the apparent manufacturer doctrine may apply to an entity outside the chain of distribution of a product that nonetheless bears the entity's name. Furthermore, courts have split on the issue. <u>Compare, e.g.,</u> <u>Yoder v. Honeywell Inc.</u>, 104 F.3d 1215, 1222-24 (10th Cir. 1997) (limiting apparent manufacturer liability under Colorado law to entities within chain of distribution), <u>with, e.g.,</u> <u>Brandimart v. Caterpillar Tractor Co.</u>, 527 A.2d 134, 139-40 (Pa. Super. Ct. 1987) (imposing

10

liability on entity that simply authorized use of its name on product).  We need not consider what position Virginia would adopt, however, because Ryobi has waived the issue by failing to request a jury instruction conforming to its nonliability theory and its correlating view of the apparent manufacturer doctrine.  See Jiminez v. DaimlerChrysler Corp., 269 F.3d 439, 448 (4th Cir. 2001) (citing, inter alia, Abel v. Miller, 824 F.2d 1522, 1535 (7th Cir. 1987)).  That is, "[t]o avoid waiver of the [nonliability] theory, [Ryobi] must have presented the theory at trial and attempted to insure that the jury was properly instructed on it."  See Abel, 824 F.2d at 1535.  Because it did not do so, Ryobi cannot now rely on the nonliability theory to obtain judgment as a matter of law.[4]

---

[4] Significantly, Ryobi did not otherwise preserve its nonliability theory by unsuccessfully presenting it to the district court prior to submitting proposed jury instructions. Cf. College Loan Corp. v. SLM Corp., 396 F.3d 588, 599 n.10 (4th Cir. 2005) (recognizing that "College Loan's failure to specifically object to [instructions did not] waive the position it had already unsuccessfully presented to the district court"). Although Ryobi raised the nonliability theory in its summary judgment motion, the court declined to rule on that motion prior to trial.  At the next opportunity, in its motion at trial for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a), Ryobi failed to reassert the nonliability theory.  Indeed, Ryobi only belatedly reiterated the nonliability theory — post-trial — in its Rule 50(b) renewed motion for judgment as a matter of law.  Of course, "a Rule 50(a) motion is a prerequisite to a Rule 50(b) motion because the [moving party] must apprise the district court of the alleged insufficiency of [the] suit before the case is submitted to the jury."  See Price v. City of Charlotte, N.C., 93 F.3d (Continued)

11

B.

We turn to Ryobi's contention that Bilenky presented insufficient evidence of defect and causation. To prevail on a products liability claim in Virginia, a plaintiff "must prove that the product contained a defect which rendered it unreasonably dangerous for ordinary or foreseeable use." See Alevromagiros v. Hechinger Co., 993 F.2d 417, 420 (4th Cir. 1993). The plaintiff also must establish that the alleged defect existed when the product left the defendant's hands and that the defect caused the plaintiff's injury. Id. When determining what constitutes an unreasonably dangerous defect, courts consider industry and government safety standards as well as the reasonable expectations of consumers. Id. at 420-21.

Having carefully examined the record and the thoughtful Opinion of the district court, together with the parties' written submissions and the arguments of counsel, we discern no inadequacy of the evidence. We are therefore content to affirm the judgment on the cogent reasoning spelled out by the district court in its Opinion.

---

1241, 1249 (4th Cir. 1996). Therefore, even if Ryobi had not waived its nonliability theory by failing to request a conforming instruction, we would be constrained to review for plain error the court's denial of Ryobi's renewed motion for judgment as a matter of law. See id.

12

IV.

Pursuant to the foregoing, we affirm the judgment of the district court.

<u>AFFIRMED</u>